**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE ARMANDO ANDRADE ROMERO<br>19 Riggs Road, N.E.<br>Apt. 302<br>Washington D.C. 20011 | Civil Action No.: 18-179 |

     and

VICTORINO CERVANTES MARROQUIN
1914 Merrimac Drive
Hyattsville, MD 20783

           *Plaintiffs*,
    v.

RBS CONSTRUCTION CORPORATION, INC.
5211 Brookville Road
Gaithersburg, Maryland 20882

Serve: ELLEN LIMA
       Resident Agent
       5211 Brookville Road
       Gaithersburg, Maryland 20882

     and

ALBERTINO SILVEIRA
19412 Pyrite Lane
Brookeville, Maryland 20833

     and

ELLEN LIMA
19412 Pyrite Lane
Brookville, Maryland 20833

          *Defendants*.

**COMPLAINT**

      Plaintiffs, Jose Armando Andrade Romero ("Plaintiff Romero") and Victorino Cervantes

Marroquin ("Plaintiff Marroquin") (collectively "Plaintiffs"), bring this action against Defendants

RBS Construction Corporation, Inc. ("RBS"), Albertino Silveira ("Silveira") and Ellen Lima ("Lima") and allege as follows:

## INTRODUCTION

1.      This action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the District of Columbia Payment and Collection of Wages Law, D.C. Code § 32-1301 *et. seq.* ("DCPCWL"); and the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"). Plaintiffs bring this action to recover unpaid, illegally withheld straight-time wages, unpaid overtime compensation, liquidated damages, attorneys' fees and litigation costs for Defendants' willful failure to pay them in accordance with the above statutes.

## JURISDICTION

2.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367.

3.      This Court has in *personam jurisdiction* over Defendants because they conduct business in the District of Columbia and because a substantial part of the events giving rise to these claims occurred in the District of Columbia.

## THE DEFENDANTS

4.      RBS is incorporated under the laws of Maryland and does business in the District of Columbia. RBS provides remodeling and general construction services to residential homeowners in Maryland and the District of Columbia. Defendants Silveira and Lima also use RBS to perform construction and remodeling services at properties in the District of Columbia and Maryland which

they purchase, renovate and then resell. RBS meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as: (1) it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) it has a gross volume of sales made or business done of not less than $500,000.00 (exclusive or excise taxes at the retail level that are separately stated). RBS is also an employer of the Plaintiffs within the meaning of the FLSA, the DCPCWL and the DCMWRA.

5.    Silveira is an Officer, Director, and owner of RBS. He is an employer within the meaning of 29 U.S.C. § 203(d), because: (1) he owns RBS; (2) he has operational control over RBS; (3) he controls the terms and conditions of Plaintiffs' employment, including compensation and pay practices; and (4) he has the ability to hire and fire employees of RBS and to significantly affect the terms and conditions of their employment; (5) he had the authority to hire and fire Plaintiffs; and (6) he supervised Plaintiffs.

6.    Lima is an Officer, Director, and owner of RBS. She is an employer within the meaning of 29 U.S.C. § 203(d), because: (1) she owns RBS; (2) she has operational control over RBS; (3) she controls the terms and conditions of Plaintiffs' employment, including compensation and pay practices; (4) she has the ability to hire and fire employees of RBS and to significantly affect the terms and conditions of their employment; and (5) she had the authority to hire and fire Plaintiffs.

## THE PLAINTIFFS

7.    Plaintiff Romero is an adult resident of the District of Columbia and, during the three-year period prior to filing the complaint, was employed by Defendants as a laborer/carpenter from approximately June 2016 to November 2016. During this period, Plaintiff Romero performed

home remodeling services for the Defendants including drywall and simple carpentry, pouring concrete, and removing debris and old drywall from properties. He was paid an hourly rate of $13.00 during the first two months of work, after which time his rate was increased to $14.00 per hour. Plaintiff Romero spent more than half of his time working for the Defendants at sites located in the District of Columbia and consistently worked in excess of 40 hours per week. However, Defendants: (1) failed to pay Plaintiff Romero for all of the straight-time hours he worked; (2) failed to pay him at the promised rate for all hours worked; (3) failed to pay him any compensation at all for the hours he worked in excess of 40 each work week; and (4) failed to comply with the statutory record-keeping and notice requirements of the DCPCLW and the DCMWRA.

8.      Plaintiff Marroquin is an adult resident of Prince George's County, Maryland and during the three-year period prior to filing the complaint, was employed by Defendants as a laborer/carpenter from approximately July 2016 to October 2016. During this period, Plaintiff Marroquin performed general construction services for the Defendants including drywall, simple carpentry work, and removing debris and old drywall from properties. He was paid at the rate of $14.00 per hour during the entire time he worked. Plaintiff Marroquin spent more than half of his time working for the Defendants at sites located in the District of Columbia and regularly worked in excess of 40 hours per week. However, Defendants: (1) failed to pay Plaintiff Romero for all of the straight-time hours he worked; (2) failed to pay him at the promised rate for all hours worked; (3) failed to pay him any compensation at all for the hours he worked in excess of 40 each work week; and (4) failed to comply with the statutory record-keeping and notice requirements of the DCPCLW and the DCMWRA.

## STATEMENT OF FACTS.

9.      While employed by the Defendants during the time period which is the subject of this Complaint, Plaintiffs worked between 5 and 6 days per week and 12 to 15 hours per day.

10.     Defendants would instruct the Plaintiffs each day about the location of that day's job site, provide them with a schedule of the hours they were required to work and give them instructions about their specific duties each work day.

11.     Defendants either provided Plaintiffs with construction materials such as concrete, drywall sheets, and power tools so that they could complete their assigned tasks on the job site or instructed Plaintiffs to pick up materials at various locations in Maryland and/or the District of Columbia and transport them to that day's job site. Defendants would inspect the job sites on a daily basis in person, or require Plaintiffs to send them images of the completed work by text message.

12.     Defendants did not maintain records of the hours that Plaintiffs worked each work day and work week.

13.     The Plaintiffs were not made on any fixed schedule and the payments had no relation to the rates of pay Plaintiffs were promised. Instead, Defendants paid Plaintiffs sporadically in cash and usually only after Plaintiffs complained about not having been paid for all of the hours they worked.

14.     Plaintiff Romero was paid a total of approximately $8,300.00 by the Defendants during the period of time which is the subject of this Complaint.

15.     Plaintiff Marroquin was paid approximately $2,5000.00 by the Defendants during the period of time which is the subject of this Complaint.

16.     Plaintiff Romero worked approximately 550 hours of straight time and 438 overtime hours for which he was never paid by the Defendants.

17.     Plaintiff Marroquin worked approximately 340 hours of straight time and 283 overtime hours for which he was never paid by the Defendants.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(All Plaintiffs v. All Defendants)**

18.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

19.     During all times relevant to this Complaint, Plaintiffs were engaged in commerce or the production of goods for commerce and/or handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce.

20.     During all times relevant to this Complaint, Defendant constituted an Enterprise engaged in commerce or the production of goods for commerce and had employees that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce.

21.     During all times relevant to this Complaint, Plaintiffs were "employees" of all Defendants within the meaning of the FLSA.

22.     During all time relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the FLSA.

23.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs for hours over 40 Plaintiffs worked in a work week and failing to pay Plaintiffs at the correct overtime rates based upon the rates they were promised.

24.     Defendants' actions were willful as defined by the FLSA and were not performed in good faith.

## COUNT II
## VIOLATIONS OF THE DCMWRA
### (All Plaintiffs v. All Defendants)

25.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

26.     During all times relevant to this Complaint, Plaintiffs were "employees" of all Defendants within the meaning of DCMWRA.

27.     During all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the DCMWRA.

28.     Defendants were obligated to pay Plaintiffs one and one-half times their regular hourly rates for each hour over 40 that they worked in a workweek.

29.     Defendants knowingly, willfully and intentionally, violated the DCMWRA by failing to pay Plaintiffs at all for the hours over 40 that they worked in a work week and at one and one-half times their regular hourly rate.

## COUNT III
## VIOLATIONS OF THE DCPCWL
### (All Plaintiffs v. All Defendants)

30.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

31.     During all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the DCPCWL.

32.     During all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the DCPCWL.

33.     Defendants knowingly, willfully and intentionally, violated Plaintiffs' rights under the DCPCWL by failing to pay them all of their earned wages for many of the hours that they worked at the rates they were promised and failing to pay them at the correct rates for overtime work.

## COUNT IV
## VIOLATIONS OF THE RECORD KEEPING AND NOTICE REQUIREMENTS
## UNDER THE DCPCWL AND THE DCMWRA
### (All Plaintiffs v. All Defendants)

34.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

35.     During all times relevant to this Complaint, Defendants failed to make, keep, and /or preserve a record of Plaintiffs' name, address, occupation, rate and amount of pay, and the precise time Plaintiffs worked each day and workweek, in violation of DC Code § 32-1306(d)(1) and D.C. Code § 32-1008(a)(1).

36.     During all times relevant to this Complaint, Defendants failed to provide Plaintiffs with an accurate itemized written statement, at the time their wages were paid, showing the date of the wage payment, gross wages paid, deductions from and additions to wages, net wages paid, and hours worked during the pay period, in violation of DC Code § 32-1306(e) and D.C. Code § 32-1008(b).

37.     Defendants also failed to provide Plaintiffs, either at time of hire or at any other time with the statutory notice containing the information required by D.C. Code §§ 32-1008(c)(1)-(6). These missing items include: (1) Plaintiffs' regular rate of pay and basis of that rate, (2) overtime rate of pay, and (3) and whether or not they were exempt from the overtime provisions of the DCMWRA or the FLSA. The Defendants' failure to provide this information constitutes a violation of § 32-1008(c) and § 32-1008 (d) of the DCMWRA.

38.     Defendants knowingly, willfully and intentionally violated Plaintiffs' rights under the DCPCWL and the DCMWRA, by failing to maintain adequate records and provide Plaintiffs with the required statutory notice.

**RELIEF**

WHEREFORE, Plaintiffs request that this Honorable Court grant them the following relief:

a)      enter a judgment against all Defendants, jointly and severally, and in favor of each Plaintiff, based on Defendants' violations of the FLSA, in the amount of each Plaintiff's respective unpaid and illegally withheld overtime wages, plus liquidated damages pursuant to 29 U.S.C. § 216(b);

b)      enter a judgment against all Defendants, jointly and severally, and in favor of each Plaintiff, for Defendants' violations of the DCMWRA, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages;

c)      enter a judgment against all Defendants, jointly and severally, and in favor of each Plaintiff, for Defendants' violations of the DCPWCL, in the amount of each Plaintiff's unpaid and illegally withheld wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages;

d)      award Plaintiffs their reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015);

e)      deem the Defendants' failure to comply with the notice requirements of the DCWPCL and the DCMWRA, as evidence weighing against the credibility of the Defendants' testimony in this matter regarding the rate of pay promised to the Plaintiffs;

f)      permanently enjoin Defendants from committing further violations of the FLSA, the DCWPCL and the DCMWRA; and

d)      grant such other and further relief as may be appropriate.

Respectfully submitted,


/s/Omar Vincent Melehy
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:     (301) 587-6308
*Attorney for Plaintiffs*