**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Jose Armando Andrade Romero, et al.,** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Case No. 1:18-cv-00179 (EGS)** |
| **RBS Construction Corp., Inc., et al.** | * | |
| **Defendants** | * | |
| _____/ | | |

**DEFENDANTS' MOTION TO SET**
**REASONABLE DEPOSITION TRANSCRIPT COPY FEE**

Defendants, through undersigned counsel, hereby requests that the Court, pursuant to Fed.R.Civ.P. 30(f), to set a reasonable deposition transcript copy fee in this litigation and otherwise direct Precise Reporting Services ("PRS") to provide Defendants a copy of their deposition transcripts at a reasonable transcript copy fee, and for good cause states as follows.

I.      **Factual Background**

On August 6, 2018, Plaintiffs took the deposition of Defendant Ellen Lima.  On September 6, 2018, Plaintiffs took the deposition of Defendant Albertino Silveira.  For both depositions, Plaintiffs hired PRS to provide court reporting services.  Defendants had nothing to do with the choice to use PRS.

Following the deposition of Defendant Lima, Defendants' counsel indicated that his client would "read and sign."  No notice was received from PRS before the deposition of Defendant Silveira.

On September 6, 2018, during the deposition of Defendant Silveira, PRS sent Defendants' counsel an email that a copy of the deposition transcript for Ellen Lima would be $783.25, a condensed copy of the transcript would be $25.00, and copies of the exhibits would be $72.  *See*

Exh. 1.  In subsequent communications requesting an explanation, Defendants' counsel was told the deposition transcript was 241 pages and the exhibits 160 pages in length; the copy rate was **$3.25/page** for the transcript, and **$0.45/page** for the exhibits.  *See* Exh. 2.  Upon further inquiry, Defendants' counsel also learned that the original copy rate (the rate charged to and paid by Plaintiff) was $4.35/page.  *See* Exh. 3.  Contesting this, Defendants' counsel emailed PRS and offered $1.25/page for the copy, and $0.25/page for the exhibits.  *Id.*  PRS countered that this is not a Federal case, and the most they could discount to was $2.75/page.  *See* Exh. 4.

## II.    Argument

Federal Rule of Civil Procedure 30(f)(3) states that "**[w]hen paid reasonable charges**, the officer must furnish a copy of the transcript or recording to any party or the deponent."  Fed. R. Civ. P. 30(f)(3) (emphasis added).  There is no case law that is directly on point about what constitutes a reasonable charge.  However, dicta arising out of a related case may prove illuminating.  In *Burke v. Central-Illinois Securities Corp.*, 9 F.R.D. 426, 427 (D. Del. 1949) a defendant sought to compel the plaintiff, who had taken a deposition but decided not to have it transposed, to pay the cost of transcription so that the defendant could receive a copy.  Aside from holding that the plaintiff would have to pay the cost of transcription, the Court drew a clear distinction between the $1,200 to $1,400 fee required to pay for the transcription and creation of the original document, and the $250 it would cost to create additional copies.  *See Burke v. Central-Illinois Securities Corp.*, 9 F.R.D. 426, 427 (D. Del. 1949) ("The cost of transcribing long depositions is heavy—in this case some $1,200.00 to $1,400.00. Clearly the Rules do not contemplate this cost to the deponent who is often entirely disinterested in the event of the suit. **This extra cost, beyond the reasonable cost of the copy**, must be borne by that party at whose instance the deposition was taken.") (emphasis added).  *Burke* and Fed.R.Civ.P. 30(f) rest on the

simple premise that the cost of additional copies should primarily reflect the cost of raw resources, labor, and time it takes to create the copy, and that the cost of the copy should not be burdened by the cost of the transcription itself.

In deciding what is a reasonable fee under Fed.R.Civ.P. 30(f), this Court can look at the Maximum Transcript rates established by this Court as a lodestar. *See Maximum Transcript Rate*, United States District Court for the District of Columbia, http://www.dcd.uscourts.gov/maximum-transcript-rates (last visited Sept. 19, 2018).

PRS' gross overbilling to the deponent for a copy is best demonstrated by the fact that whereas the Court mandates a maximum transcript rate of $0.90 for page for copies, PRS charges $3.25/page. *Id.* Defendants contend that the cost of creating additional copies could not, and should not be over 300% more than the original transcription price. PRS's price is thus beyond what could be considered a "reasonable charge[]," as mandated by Fed. R. Civ. P. 30(f)(3). PRS's actions creates a dilemma for Defendants: pay the unreasonable fees or proceed through the litigation without a record of their own testimony.

## III.    Conclusion

Defendants did not choose to get sued, did not choose to get deposed, and did not choose to be deposed for more than 10 hours collectively. Defendants require a copy of the deposition as it is part of the record of this case. *Burke*, 9 F.R.D. at 428 ("Clearly the deponent is entitled to a copy of his deposition that he may, by subsequent research and inquiry, be prepared to corroborate his testimony and sustain his character."). Defendants should not be required to pay a charge for a deposition copy which is several multiples greater than the "maximum" rates set by this Court.

In conclusion, Defendants believe that PRS's copy rates are excessive and in violation of Fed.R.Civ.P. 30(f)(3). Defendants respectfully request this Court grant the instant Motion and set

the deposition copy rate in this case at $.90 per page, with $.25/page for copies of exhibits, and otherwise direct PRS to provide Defendants deposition transcripts and exhibit copies at this price.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Hoffman Employment Law, LLC
Fed.  Bar. No. 977135
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2018, a copy of the foregoing Defendants' Motion to Set Reasonable Deposition Transcript Copy Fee, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Columbia, and is available for viewing and downloading from the ECF system.

I hereby further certify that on this 20th day of September, 2018, a copy of the foregoing Defendants' Motion to Set Reasonable Deposition Transcript Copy Fee, together with attachments, was mailed via U.S. Mail, first class, postage prepaid, to the following:

Marguerite D'Andrea Keller, PRP, CLDR, FPR
Precise Reporting Services
1200 G St. NW, Ste. 800
Washington, DC 20005

_____/s/_____
Howard B. Hoffman

4